

Charles M. Lizza
Phone: (973) 286-6715
Fax: (973) 286-6815
clizza@saul.com
www.saul.com

April 21, 2014

**VIA ECF & FEDEX**

The Honorable Susan D. Wigenton, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, Room 5060
Newark, New Jersey 07102

      Re:   *Celgene Corporation v. Natco Pharma Limited, et al.*
              Civil Action No. 10-5197 (SDW)(MCA)

Dear Judge Wigenton:

      This firm, together with Quinn Emanuel Urquhart & Sullivan, LLP, Jones Day, and Richard G. Greco PC, represents Plaintiff Celgene Corporation ("Celgene") in the above-referenced matter. We write to respectfully request that Your Honor consider this short response to an issue that Defendants improperly raised for the first time in their April 14, 2014 Reply in Support of their Motion to Dismiss with Prejudice and to Strike Affirmative Defense (D.I. 294).

      Defendants now argue in their reply that unclean hands cannot be a defense to their invalidity and noninfringement counterclaims because those counterclaims allegedly have no equitable component. D.I. 294 at 4-5. Defendants' position is contrary to law. In Hatch-Waxman cases arising under 35 U.S.C. § 271(e)(2), claims of infringement are necessarily equitable. As such, Defendants' declaratory judgment counterclaims also are necessarily equitable. *See In re Lockwood*, 50 F.3d 966, 972 (Fed. Cir. 1995) ("[D]eclaratory judgment actions are . . . only as legal or equitable in nature as the controversies on which they are founded."). The cases cited by Defendants do not hold otherwise. Specifically, Defendants cite two Hatch-Waxman cases that allowed noninfringement and invalidity counterclaims to be tried to a jury. *See* D.I. 294 at 4 (citing *Warner-Lambert* and *Hoechst Marion Roussel*). But those cases hold only that such counterclaims can (under certain circumstances) have legal, as well as equitable, components—they do not hold that such counterclaims are purely legal.[1] Defendants' counterclaims are ***not*** purely legal because they are based on Celgene's equitable claim of infringement and seek equitable relief in the form of declarations of patent noninfringement and

---

[1] Here, Defendants' counterclaims are purely equitable, but that issue is not relevant and this Court need not address it. To maintain Celgene's "First Defense" of unclean hands, it is sufficient that Defendants' counterclaims merely contain an equitable component.

Hon. Susan D. Wigenton, U.S.D.J.
April 21, 2014
Page 2

invalidity. Since the counterclaims are at least partly equitable in nature, unclean hands is a cognizable defense, and the Court should deny Defendants' motion to strike Celgene's "First Defense" of unclean hands.

    Thank you for Your Honor's kind consideration of this matter.

Respectfully yours,

Charles M. Lizza

cc: All counsel (via e-mail)